UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: LA CASA D LA RAZA, INC., <br><br> Debtor | Case No. CV 16-09437 -AB <br><br> Adversary Bktcy Case No. 16-01040 PC <br><br> Bkcty Case No. 9:16-bk-10331 PC |
| TOMAS CASTELO, <br><br> Appellant, <br><br> v. <br><br> LA CASA DE LA RAZA, INC., <br><br> Appellee. | **ORDER AFFIRMING** <br> **BANKRUPTCY COURT'S ORDERS** |

Appellant Tomas Castelo ("Appellant" or "Castelo") appeals the bankruptcy court's ("court") November 3, 2016 Order (Dkt. No. 37)[1] on Plaintiff's Motion for Sanctions and Entry of Default of Both Defendants, and its December 8, 2016 Order (Dkt. No. 55) denying Appellant's Motion for Reconsideration of the November 3, 2016 Order. Castelo filed an opening brief, Debtor/Appellee La Casa de la Raza ("La Casa") filed a responsive brief, and Castelo filed a reply.[2] Upon review of the parties'

---

[1] All "Dkt. No." references are to the docket of the adversary case, 16-ap-01040-PC.
[2] The parties' filings are deficient in several respects. First, neither party included the excerpts of record as required by Fed. R. Bankr. P. 8018(b). Nor did the parties'

1.

filings and the bankruptcy docket, the Court **<u>AFFIRMS</u>**.

## I. BACKGROUND

The following facts are taken from the parties' briefs and documents filed below, particularly La Casa's August 16, 2016 Motion to Compel and for Sanctions (Dkt. No. 18) ; the September 15, 2016 Order granting that Motion (Dkt. Nos. 24, 25); La Casa's September 30, 2016 Motion for Terminating Sanctions (Dkt. No. 28); the October 20, 2016 Supplemental Declaration of Eric Bensamochian in Support of La Casa's Motion for Terminating Sanctions ("Bensamnochian Decl.," Dkt. No. 35); Castelo's untimely November 2, 2016 Opposition to La Casa's Motion for Terminating Sanctions (Dkt. No. 36); the court's November 3, 2016 Order Granting La Casa's Motion (Dkt. No. 37); Castelo's November 14, 2016 Motion to Reconsider (Dkt. No. 40) and documents filed in connection therewith (Dkt. Nos. 44, 48, 50-52); and the court's December 8, 2016 Order Granting in Part and Denying in Part the Motion to Reconsider (Dkt. No. 53). The Court has also considered the transcripts from the November 3, 2016 hearing (Dkt. No. 74) and from the December 8, 2016 hearing (Dkt. No. 76).

On May 5, 2016, Debtor/Appellee La Casa de la Raza ("La Casa") filed an adversary proceeding against its lienholder MLG Leasing, Inc. ("MLG") and MLG's principal Tomas Castelo ("Castello"). *See* Compl. (Dkt. No. 1.) At issue in the adversary proceeding was whether Castelo, who had acted as counsel for La Casa on many previous occasions, took an adverse security interest in his client La Casa without proper disclosures in violation of California Rule of Professional Conduct 3-300, and committed breach of contract and fraud. *Id.*

Starting May 13, 2016, La Casa served on Castelo Requests for Admission ("RFA") and Requests for Production of Documents ("RPD"). Castelo received

---

memoranda consistently support their assertions with citations to the record; rather, there are occasional references to the docket numbers, but most of the parties' assertions lack citations.

2.

several extensions to respond but La Casa found his responses unsatisfactory, and moved to compel. Castelo did not file a timely response to the motion to compel and failed to appear at the September 15, 2016 hearing for it, so that same day, the bankruptcy court granted the motion and ordered Castelo to produce the requested documents and a privilege log within 14 days, that is, by September 29, and to pay La Casa its attorneys' fees incurred for the motion to compel.

On September 29, Castelo's counsel emailed La Casa that he had mailed the discovery package that same day, which was the due date. A receipt that Castelo's counsel later produced shows that he mailed the discovery responses via 2-day priority mail at 7:00 p.m., which is after business hours.

On September 30, La Casa filed a motion for terminating sanctions on the ground that Castelo did not comply with the September 15 court order. La Casa's counsel received Castelo's discovery on October 3, but due to the Rosh Hashanah Holiday, did not review it until October 4. Upon reviewing the discovery, La Casa's counsel found it to be deficient in numerous ways: page 2 was missing, there were numerous claims of privilege yet no privilege log was included despite the express court order to produce one, the pages were not Bates stamped, certain documents were redacted without explanation, and there "were no verifications accompanying any of the documents, which essentially renders the responses meaningless." *See* Bensamochian Decl. p. 3. La Casa brought Castelo's production and its deficiencies to the court's attention in an October 20, 2016 supplemental declaration.

Castelo did not timely oppose La Casa's motion for terminating sanctions. Instead, he filed an admittedly untimely opposition on November 2 (Dkt. No. 35), the day before the hearing. It appears that before the hearing, the bankruptcy judge entered a final order granting the motion for terminating sanctions on the ground that Castelo did not timely oppose it. *See* 11/3/2016 Transcript (Dkt. No. 74).[3]

---

[3] The Order also granted terminating sanctions as to MLG Leasing but that was an error so the court vacated that part of the Order and it is not relevant to this appeal.

Thereafter, Castelo filed a Motion for Reconsideration. Castelo's counsel argued, in effect, that he was preoccupied with certain family medical issues and thus missed the deadline to oppose the sanctions motion. He also said that he believed he did timely provide his response to La Casa's RPD when he mailed it the same day it was due. A Declaration of Counsel Tony Fischer filed with the motion also attempted to argue that the response was adequate, though this argument is quite difficult to follow.

At the hearing on the motion for reconsideration, the court determined that there was no clear error (the basis of the motion) under Rule 59 given the facts before it on November 3, including Castelo's failure to file a timely opposition. The court also found that reconsideration was not warranted under Rule 60(b)'s excusable neglect standard because although counsel stated he was out of town attending to family health issues up to September 22, the opposition was no due until October 20, about a month later. He concluded that no facts in the record established that the failure to file a timely opposition was excusable neglect. The court also noted that Castelo had a track record of non-compliance with court orders and missing deadlines, and that this had an impact on the judicial proceedings going forward. Finally, the court also stated that even if Costelo could show excusable neglect for his failure to oppose the sanctions motion, he did not demonstrate that his production of documents did in fact comply with the September 14 order compelling him to respond. The court also noted that the same discovery dispute had been ongoing for months without resolution, and that Costelo failed to respond to La Raza's counsel's multiple attempts to communicate with him since filing the motion for sanctions. Nor did Castelo attempt to cure the defects in his discovery responses while the motion for sanctions was pending. Based on Castelo's unexcused failure to oppose the sanctions motion, the ultimate insufficiency of Castelo's discovery responses, the ongoing nature of the dispute and Castelo's failures to work with La Raza to resolve it, the court found that termination remained an appropriate sanction and denied the motion for

reconsideration.

## II. LEGAL STANDARD

The Court construes the Notice of Appeal as appealing both the order granting terminating sanctions and the order denying reconsideration thereof.

Discovery sanctions, including terminating sanctions, are reviewed for an abuse of discretion. *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

A denial of a motion for reconsideration is also reviewed for an abuse of discretion. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 661 (9th Cir. 1999)

## III. DISCUSSION

The court did not abuse its discretion by entering terminating sanctions against Castelo. The Ninth Circuit has established a set of five factors that a court should consider to determine whether "a case-dispositive sanction under Rule 37(b)(2) is just: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Connecticut Gen.*, 482 F.3d at 1096 (citation omitted).

Here, the court had before its La Casa's motion for sanctions setting forth how Castelo violated the September 15 Order compelling Castelo to respond to La Casa's RPD and explaining how those violations caused La Casa prejudice—factors that inform the sanctions decision. Castelo did not file a timely opposition to the motion for sanctions—it was due 14 days before the hearing, and he filed an opposition the day before, which the court did not learn of until after it issued its order. The court did not consider the untimely opposition and entered a final order granting the terminating sanction before the hearing. Where a party fails to timely oppose a motion, the court may deem it as consented to and grant it on that basis. *See* Local Bankruptcy Rule 7013-1(h) ("Failure to File Required Documents. Except as set forth in LBR 7056-1(g) with regard to motions for summary judgment, if a party does not

timely file and serve documents, the court may deem this to be consent to the granting or denial of the motion, as the case may be."). Here, not only did Castelo not oppose the sanctions motion timely, he failed at all to oppose the motion to compel discovery responses—either by filing a brief or by appearing at the September 15 hearing. Thus, that Castelo would decline to oppose a motion was not unusual in this case. Also, La Raza's counsel did inform the court in his October 20 declaration that Castelo sent an untimely response to the RPD, but that it was woefully inadequate and Castelo's counsel refused to respond to his numerous efforts to address the deficiencies. *See* Bensamochian Decl. The court was therefore well within its discretion to deem Castelo's failure to timely oppose the sanctions motion as consent to it.

Nor did the court abuse its discretion in denying the motion for reconsideration. The court construed the motion for reconsideration as invoking Rule 59's clear error standard and Rule 60's excusable neglect standard. As the above discussion indicates, based on the record then before it, the court was well within its discretion to terminate Castelo based on his discovery violations and failure to oppose the motion, so that ruling is not clear error. The court likewise was well within its discretion to find that Castelo did not establish excusable neglect for his failure to oppose the sanctions motion: although counsel was occupied with family medical issues earlier, the record suggested that those concluded about a week before La Raza filed its sanctions motion, so Castelo's counsel's explanation for his failure to oppose was not adequate to establish excusable neglect. Likewise, Castelo's counsel's failure to respond to La Raza's counsel's many attempts to address the deficient discovery responses reasonably reinforced the conclusion that his failure to oppose the sanctions motion was not excusable neglect.

Castelo argues, perhaps as to both the sanctions order and the denial of reconsideration, that La Raza's motion for terminating sanctions itself violated Local Bankruptcy Rule 7026-2 because it did not include the request for production of documents. He argues that the court should have denied the motion on that basis

6.

alone.  However, La Raza notes that when it filed the sanctions motion on September 30, it had not received any discovery responses whatsoever, so the exact contents of discovery requests themselves were not in issue, so La Raza was barred by Local Bankruptcy Rule 7026-2 from filing them.  *See* Local Bankruptcy Rule 7026-2a ("The following discovery documents . . . *must not be filed with the clerk until there is a proceeding in which the document . . . is in issue*: (5) Requests for the production of documents or to inspect tangible things. . .") (emphasis added).  La Raza's application of the rule to its circumstances was reasonable.  Furthermore, the court was well within its discretion to grant the motion even though it lacked the RPD, especially because Castelo did not timely oppose the motion or respond to La Raza's counsel in the interim.

## IV. CONCLUSION

For the foregoing reasons, the Orders are **AFFIRMED.**

Dated:  September 26, 2017  _____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

CC: BK Court and BAP